## ELLEN MARTIN v. GEORGE W. MARTIN.

**Injunction—Motion to Modify.**

When a cause is submitted to the court on motion to dissolve an in-, junction it is error for the court to make final disposition of the order of injunction by perpetuating it, or to determine the issues involved in the action, such issues not being submitted on such motion.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

January 16, 1875.

OPINION BY JUDGE LINDSAY:

On the 25th of October, appellant filed a demurrer to appellee's petition, and also filed notice, and moved the court to dissolve the temporary injunction. Both parties filed various *ex parte* affidavits, and by consent the cause was set for trial on the 7th of November; and it was also agreed that the demurrer, and the motion of appellant to dissolve the injunction should be continued until that day for hearing.

On the 8th of November the cause was assigned to the 9th day of January, 1874. On said last named day, an order was made which shows that the motion of the defendant then pending in the cause was heard in part; and there not being time to conclude, the further hearing of the same was postponed until the following Monday.

The motion referred to must be the motion to dissolve the injunction, as there was no motion pending in the action. The bill of exceptions not only confirms this conclusion, but states in terms that it was the motion of the defendant to dissolve and discharge the injunction of the plaintiff. That was filed by the court. Such being the case, the only judgment or order the court could properly render or make, was either to sustain or overrule the motion, or if proper so to do, the injunction might have been modified. Sec. 323, Civil Code of Practice.

It was error, upon the hearing of the motion to dissolve, to make a final disposition of the order of injunction by perpetuating it, and still more manifest error to determine the issues involved in the action for a new trial, those issues not having been submitted to the court for adjudication. Judgment *reversed* and cause remanded for further proper proceedings.

*Jeff. Brown, for appellant.*